The State of Ohio, Appellee, *v.* Broadnax, Appellant.

(No. 72-164—Decided September 27, 1972.)

*Mr. Simon L. Leis, Jr.*, prosecuting attorney, and *Mr. Ronald A. Panioto*, for appellee.

*Mr. Harvey B. Woods* and *Mr. Jack C. Rubenstein*, for appellant.

*Per Curiam.* Appellant sets forth three propositions of law.

In propositions one and three, appellant complains that persons were erroneously excluded from the jury merely because they had general opposition to the death penalty, and that the death penalty is unconstitutional as cruel and unusual punishment. Because of the holdings in *Furman* v. *Georgia* (1972), U. S. , 33 L. Ed. 2d 346, and *State* v. *Leigh* (1972), 31 Ohio St. 2d 97, that the carrying out of a death penalty imposed at the discretion of the trier of the facts constitutes "cruel and unusual punishment" in violation of the Eighth and Fourteenth Amendments to the United States Constitution, this court, on motion of appellant, on August 3, 1972, modified the death sentence against appellant and reduced his sentence to life imprisonment, as prescribed in R. C. 2901.01. Therefore, appellant's first and third propositions of law are moot.

In his second proposition of law, appellant argues that the prosecuting attorney committed error "in violating

the [trial] court's ruling on limiting the questioning on the credibility of all witnesses."

Prior to trial, appellant requested that the "prosecutor be instructed that he cannot examine the defendant beyond the point of asking if he has ever been convicted of a state or federal offense." That motion was granted, and the prosecuting attorney was instructed that "he can not examine the defendant as to prior convictions beyond the point of asking him if he had ever been convicted of a state or federal offense," and, if so, how many times and whether he had been imprisoned.

During the trial, a witness was asked by the prosecuting attorney if he had ever been arrested and convicted of a state or federal offense. Appellant's counsel objected, and the prosecuting attorney said, "the court's ruling had only to do with the defendant, Judge." The objection was sustained. Appellant contends that that statement by the prosecuting attorney in the presence of the jury improperly implied that the state was being unfairly restricted in its questions and that the appellant's record was being unfairly kept from the jury.

These are matters within the sound discretion of the trial court. Absent a showing that such discretion was abused, there is no prejudicial error. Furthermore, the order of the trial court in response to appellant's motion *in limine* limiting examination by the prosecuting attorney was directed to the questioning of the appellant. Here, the examination about which appellant complains was of a witness.

The judgment of the Court of Appeals is affirmed, except as to the the sentence of death, that sentence having heretofore been reduced to life imprisonment.

*Judgment accordingly.*

O'NEILL, C. J., SCHNEIDER, HERBERT, CORRIGAN, STERN, LEACH and BROWN, JJ., concur.